*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0286P (6th Cir.)
File Name: 03a0286p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: EDWIN M. MAUGHAN,
SR.,

          *Debtor.*

JOHN P. NARDEI,
    *Plaintiff-Appellant,*

    *v.*

EDWIN M. MAUGHAN, SR.,
    *Defendant-Appellee.*

No. 01-4151

Appeal from the Bankruptcy Appellate
Panel of the Sixth Circuit.
No. 98-41905—William T. Bodoh, Bankruptcy Judge.

Submitted: March 28, 2003

Decided and Filed: August 14, 2003

Before: MERRITT and BATCHELDER, Circuit Judges;
DUPLANTIER, District Judge.[*]

---

[*] The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

## COUNSEL

**ON BRIEF:** Mark D. Shepard, BABST, CALLAND, CLEMENTS & ZOMNIR, Pittsburgh, Pennsylvania, for Appellant. Andrew W. Suhar, Youngstown, Ohio, for Appellee.

## OPINION

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-appellant John Nardei appeals an order from the Bankruptcy Appellate Panel ("BAP") of the Sixth Circuit reversing and remanding a judgment of the United States Bankruptcy Court for the Northern District of Ohio. Nardei, a partially secured creditor of defendant-appellee Edwin Maughan, argues that the BAP erred in reversing the bankruptcy court's order granting Nardei an extension to file a complaint objecting to discharge. Although Nardei acknowledges that he failed to file timely either his complaint or his request for an extension of time for filing that complaint, he argues that the bankruptcy court correctly held that Bankruptcy Rules 4004(a) and 4007(c)—the rules governing the filing of complaints objecting to discharge under 11 U.S.C. §§ 523 and 727—are not jurisdictional in nature, but instead establish only filing deadlines that are subject to equitable tolling. The BAP's opinion finding that those rules are jurisdictional and reversing the bankruptcy court, Nardei argues, must be reversed. Because we find that the precedent of this circuit compels us to conclude that these rules are not jurisdictional, we will reverse the order of the BAP and affirm the decision of the bankruptcy court.

## I. BACKGROUND

The relationship between these parties began when John Nardei, a resident of Youngstown, Ohio, purchased U.S. Gold Eagle coins from Edwin Maughan, who operated a coin and jewelry business in Pittsburgh, Pennsylvania. Over time, Maughan convinced Nardei that he could increase the return on Nardei's investment by trading the coins according to the fluctuations in the price of gold. Based on this advice, Nardei gave his existing investment of gold coins and additional payments for the purchase of more coins to Maughan; in return, Maughan gave Nardei receipts detailing the number of gold coins purchased in each transaction. Maughan asked Nardei to get more individuals involved in the investment plan, which Nardei did. Eventually, Maughan began issuing promissory notes to Nardei and the other investors covering the total amount invested over the years.

After Maughan issued several more notes, it became clear to Nardei that his investment was not being used to purchase gold coins, but was being used to purchase jewelry to be resold in Maughan's retail location. Nardei sued Maughan in the Common Pleas Court of Allegheny County and obtained a judgment on the notes in the amount of $1,051,503.72, plus interest and costs. The parties then entered into a settlement whereby Maughan agreed to pay Nardei $1,200,000.00, without interest, over a specified number of years. Maughan failed to comply with the terms of the agreement and eventually filed a voluntary petition for bankruptcy under Chapter 7.

In the proceedings that followed, the bankruptcy court set October 19, 1998, as the deadline to file a Complaint Objecting to the Discharge of the Debtor or to Determine Dischargeability of Certain Debts, pursuant to Bankruptcy

Rules 4004(a)[1] and 4007(c).[2] In August of 1998, Nardei filed a motion under Bankruptcy Rule 2004[3] to examine Maughan

---

[1]Rule 4004(a) provides:

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In a chapter 11 reorganization case, the complaint shall be filed no later than the first date set for the hearing on confirmation. At least 25 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k), and to the trustee and the trustee's attorney.

[2]Rule 4007(c) provides:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

[3]Rule 2004 provides, in relevant part:

(a) Examination on motion

On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of examination

The examination of an entity under this rule or of the debtor under §§ 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate

under oath and determine the appropriateness of filing objections to the discharge of the settlement debt. The bankruptcy court granted the motion and ordered Maughan to appear for an examination on August 21, 1998, and to provide specific documents sought by Nardei. Although Maughan appeared for the Rule 2004 examination, he failed to comply fully with the order to produce the documents. He did, however, promise to provide the missing documents promptly.

When the October 19, 1998, deadline for filing a complaint arrived, Maughan had still not produced all the documents requested for the Rule 2004 examination. Three days later, on October 22, 1998, citing Maughan's failure to produce the documents and, in the alternative, excusable neglect, Nardei filed a Motion for Extension of Time to Object to Discharge. After initially granting Nardei's motion, the bankruptcy court allowed Maughan to file a Motion in Opposition to Nardei's extension request. The bankruptcy court considered the parties' motions and ordered that the time to file a complaint be extended to a date twenty days following the actual day Maughan complied with the court's prior order directing him

---

to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

(c) Compelling attendance and production of documents

The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

---

to produce specified documents for the Rule 2004 examination. Within the time allowed by the extension, Nardei filed complaint under 11 U.S.C. § 523(c), alleging that Maughan had obtained the money from Nardei by false pretenses or false representations. The bankruptcy court held a hearing in this adversary proceeding on August 22, 2000, and issued an opinion on January 9, 2001, finding that Maughan's debt to Nardei was obtained through false pretenses, a false representation or actual fraud, and was therefore excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

Maughan appealed the bankruptcy court's decision to the Bankruptcy Appellate Panel of the Sixth Circuit, arguing that the bankruptcy court erred by granting Nardei's request for an extension to file his complaint. The BAP agreed, and, holding that the time limits set forth in Bankruptcy Rule 4007(c)[4] are jurisdictional in nature and not akin to statutes of limitation, reversed the bankruptcy court's decision. Nardei's timely appeal to this court followed.

## II. DISCUSSION

We independently review the decision of the bankruptcy court that comes to us by way of appeal from a Bankruptcy Appellate Panel. *See In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994); *In re Cassell*, No. 00-4523, 2001 U.S. LEXIS 13969, **3-**4 (6th Cir. June 15, 2001) (unpublished). The

---

[4]The only bankruptcy rule properly before the bankruptcy court and before the BAP and this court on appeal is Rule 4007(c), because, as Nardei's brief says, "[a]t trial, for strategic reasons, counsel for Nardei choose [sic] to pursue only Nardei's claim that Debtor's debt to him is excepted from discharge [Rule 4007(c)] because it was obtained by fraud and false pretenses pursuant to 11 U.S.C. § 523(a)(2)(A)." Although each party briefed and argued the impact of both rules in this case, the bankruptcy court discussed only Rule 4007(c), and our holding is therefore limited to Rule 4007(c). However, because the reasoning and rationale of both rules are consistent, we look to cases applying both rules for guidance on the question before us.

first question for this court to decide is whether the deadline provided in Bankruptcy Rule 4007(c) is jurisdictional, such that the bankruptcy court has no authority to alter it, or is more comparable to statutes of limitation and subject to the court's equitable authority. We review de novo this question of law. *In re Downs*, 103 F.3d 472, 476-77 (6th Cir. 1996).

The Federal Rules of Bankruptcy Procedure state that "a complaint to determine the dischargeability of a debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." FED. R. BANK. P. 4007(c). Additionally, any motion to extend the time for filing such a complaint "shall be made before the time [to file the complaint] has expired." *Id*. Under Bankruptcy Rule 9006, courts may enlarge the time for taking action under Rule 4007 "only to the extent and under the conditions stated" in Rule 4007. FED. R. BANK. P. 9006(b)(3). These rules, however, must be read together with the general powers given to the courts in bankruptcy under 11 U.S.C. § 105, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

There is no question that Nardei failed to file his motion for an extension prior to the expiration of Rule 4007(c)'s sixty-day deadline. Nardei, however, argues that Maughan's failure to comply with a prior order from the court led to the late filing, and Section 105(a) authorizes the court to use its equitable power to toll the filing deadline and prevent an abuse of process.

The Supreme Court had an opportunity to address a similar rule in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) (examining Bankruptcy Rule 4003, which governs the debtor's list of property claimed as exempt under 11 U.S.C. § 522 on the schedule of assets required to be filed by Rule 1007). Under the rule at issue in *Taylor*, a trustee or creditor "may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) . . . unless, within such period, further time is granted by the court." FED. R. BANKR. P. 4003(b).[5] The trustee in *Taylor* neither timely moved for an extension of time to object nor timely objected to the debtor's including on the list of exemptions proceeds from a pending lawsuit, believing that the lawsuit had no value. *Taylor*, 503 U.S. at 641. After the debtor received a significant payment in settlement of the lawsuit, the trustee attempted to object to the inclusion of the proceeds on the list of exemptions. *Id*. The Supreme Court affirmed the appellate court's holding that the trustee had failed to raise a timely objection to the exemption, and that the debtor therefore could not be required to turn over the proceeds. *Id*. at 642.

Looking at the specific allowance under Rule 4003(b) for trustees and creditors to file objections within thirty days of the initial creditors' meeting, the Court found by "negative implication" that the rule "indicates that creditors may not object after 30 days 'unless, within such period, further time is granted by the court.'" *Id*. at 643. The Court held that even if the trustee was correct, and the debtor improperly included the lawsuit proceeds on the exemption list, the trustee could not contest the exemption. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id*. at 644. The Court explicitly declined to address the question of whether the bankruptcy court could have extended the time for filing the objection by invoking its

---

[5]Rule 4003(b) is included in the series of rules along with Rule 4007(c) whose extension is limited by Rule 9006(b)(3).

equitable power under Section 105(a), noting that the trustee had raised this issue for the first time in his opening brief on the merits in the Supreme Court.

Several lower courts applying *Taylor* have determined that the deadlines within the Bankruptcy Rules create jurisdictional bars and not statutes of limitation. *See, e.g., First Deposit Nat'l Bank v. Glover (In re Glover)*, 212 B.R. 860, 862 (Bankr. S.D. Ohio 1997); *Goodwin v. United States Fid. & Guar. Ins. Co. (In re Goodwin)*, 215 B.R. 710, 714 (Bankr. W.D. Tenn. 1997). This circuit, however, has issued only one opinion addressing the apparent conflict between the filing deadlines of the Bankruptcy Rules and the bankruptcy court's extensive equitable power. In *In re Isaacman*, 26 F.3d 629 (6th Cir. 1994), we held—without mentioning *Taylor* in our discussion of this issue[6]—that Rule 9006(b)(3) prohibits a court from sua sponte extending the time in which to file a dischargeability complaint, but the rule "does not prevent a bankruptcy court from exercising its equitable powers under 11 U.S.C. § 105(a) in accepting an untimely filed complaint." *Id.* at 632. At issue in *Isaacman* was an error created by the bankruptcy court itself establishing two separate deadlines for filing complaints; the creditor relied upon the second date and filed an untimely complaint after the first deadline expired. We limited our holding to a situation in which a bankruptcy court erroneously set a second bar date and a creditor reasonably relied upon that second date when filing an untimely complaint. *Id.* (joining the Ninth Circuit, *In re Anwiler*, 958 F.2d 925 (9th Cir. 1992), and the Tenth Circuit, *In re Themy*, 6 F.3d 688 (10th Cir. 1993), in this specific holding); *see also In re Moss*, 289 F.3d 540, 541-42 (8th Cir. 2002) (adopting the reasoning of *Isaacman* in a factually

---

[6]We did, however, specifically distinguish *Taylor* in deciding whether the bankruptcy court had erred in refusing to use its equitable power to accept the late filing, noting that there the Supreme Court had not addressed the issue of the bankruptcy court's equitable powers. *Isaacman*, 26 F.3d at 635.

similar case). But the *Isaacman* decision cracked open the door of equity through which the bankruptcy court might accept an untimely complaint.

Other circuits have gone beyond the limited facts of *Isaacman* and have found that, in general, the deadlines are not jurisdictional in nature. For example, the Fourth Circuit, in *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248 (4th Cir. 1994), held that the Rule 4004(a) deadline is not jurisdictional and that the rules "do not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." The Seventh Circuit compared the filing deadlines to statutes of limitations, first finding that the text of the rules and statutes failed to resolved the issue[7] and then examining the structure, legislative history and underlying policy of the rules and the related statutory scheme. *In re Kontrick*, 295 F.3d 724, 730-33 (7th Cir. 2002). The Seventh Circuit concluded that the Supreme Court's decision in *Taylor* was not dispositive and held that the timeliness provisions are not jurisdictional. *Id.* at 733. The Second Circuit has also concluded that the deadlines imposed by these Bankruptcy Rules are not jurisdictional. *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir. 1996). The court divided the cases on this issue into three groups: (1) cases finding that the time periods imposed by the rules are jurisdictional (citing several district

---

[7]Specifically, the court said, "The rules we have just described do not, as a matter of textual interpretation, address the issue. Although Rule 9006(b)(3) restricts the grounds upon which the bankruptcy court may enlarge the time for actions required by Rules 4004(a) and 4007(c), these restrictions still vest a great deal of discretion in the bankruptcy court." *Kontrick*, at 730. We find that statement somewhat puzzling, inasmuch as Rule 9006(c)(3) provides that the court may enlarge the time for taking action under these rules "*only* to the extent and under the conditions stated in those rules." (italics added.) Rules 4004 and 4007 both permit the court to extend the time on motion of a party in interest, but such motion "shall be made before such time has expired." That language in the text of those rules sounds like a condition to us, and rather than vesting discretion in the court, it appears to us to limit that discretion.

and bankruptcy courts); (2) cases that fail to reach the jurisdictional question, but permit late filings when the bankruptcy court has erred (essentially the *Isaacman* situation); and (3) cases explicitly rejecting the view that the time limits are jurisdictional and allowing the exercise of the court's equitable power to extend the time for filing complaints. *Id*. After specifically adopting the reasoning from the third group of cases, the court provided an additional reason for rejecting the characterization of these time requirements as jurisdictional:

> Our conclusion is also consistent with the line of cases that has allowed an extension of the time period when the creditor was affirmatively misled by the bankruptcy court as to the filing deadline. See e.g., *In re Themy*, 6 F.3d at 688. Since equitable considerations cannot excuse a jurisdictional defect, there is implicit in those cases the concept that [Rule 4004(a) and] 4007(c) merely establish[es] a filing deadline.

*Id*.

The merits or faults of the reasoning in *Isaacman* and of other courts on this issue is of little moment here, since we are bound by our decision in *Isaacman* unless it is inapposite to this case. The first question before us, then, boils down to whether *Isaacman*'s narrow holding that the bankruptcy court could use its equitable power to circumvent the time limits required by Rule 4007(c) where an error of the court itself had caused the untimely filing, requires the legal conclusion that Rule 4007(c)'s time limits are not jurisdictional. We conclude that it does. By permitting equity to trump the filing deadline set by Rule 4007(c) in one particular circumstance, *Isaacman*, despite its explicitly narrow holding, compels the conclusion that the deadline is not jurisdictional, for to hold to the contrary would be to hold that equitable considerations can excuse jurisdictional defects. Since "a litigant's failure to clear a jurisdictional hurdle can never be "harmless" or waived by a court," *Torres v. Oakland Scavenger Company*,

487 U.S. 312, 317, n. 3 (1988), the filing deadline cannot be jurisdictional. Rather, the rule is a statute of limitation—or simply a deadline—that is generally subject to the defenses of waiver, estoppel, and equitable tolling. *See United States v. Locke*, 471 U.S. 84, 94 n. 10 (1985).

Having determined the BAP erred in its legal conclusion, and that the bankruptcy court correctly concluded that the time limits in Rule 4007(c) are not jurisdictional, we must next determine whether the bankruptcy court properly used its equitable power by allowing Nardei to file his untimely objection. We review the bankruptcy court's use of its equitable power for an abuse of discretion. *See Isaacman*, 26 F.3d at 633. "We will find an abuse of discretion only upon a definite and firm conviction that the district court committed a clear error of judgment." *In re Kissebirth*, 273 F.3d 714, 721 (6th Cir. 2001).

There are five factors that should be considered when deciding to apply the doctrine of equitable tolling: "The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Since Nardei did not claim lack of notice or knowledge of the filing deadline, "our inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant." *First Bank System v. Begue (In re Begue)*, 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995).

In its opinion granting the extension, the bankruptcy court found that Maughan's failure to comply with the court's order to turn over documentation justified the extension. Specifically, the court recognized the "dilemma" faced by Nardei and his counsel; since Bankruptcy Rule 9011 creates an affirmative obligation on the creditor to investigate fully before initiating an adversary complaint, it would have been

improper for Nardei to file his complaint before Maughan turned over all the relevant documentation. The record indicates that Nardei continually tried to get the documentation from Maughan, only to be misled by Maughan's promise that the information was forthcoming. We find no error in the district court's conclusion that Nardei was diligent in seeking to enforce his rights and that Maughan's delay in producing the documents contributed to Nardei's failure to timely file his complaint. And although Nardei could have filed his motion for an extension within the time decreed by the rule, he filed that motion only three days out of rule, and we find no error in the bankruptcy court's implicit conclusion that this delay, too, was partly attributable to Maughan's conduct or in the court's express conclusion that Maughan suffered no prejudice from the extension. The bankruptcy court did not abuse its discretion by using its equitable power to ensure that the debtor was not permitted "to frustrate the ability of a litigant to comply with applicable law by failing or neglecting to adhere to lawful orders of the Court."

### III. CONCLUSION

For the foregoing reasons, we REVERSE the order of the Bankruptcy Appeal Panel and AFFIRM the decision of the Bankruptcy Court. We REMAND the case for proceedings consistent with this opinion.