In re Pamela Kathleen WITT, Debtor.

No. 03–33156.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 22, 2003.

John P. Newton, Jr., Knoxville, TN, for Debtor.

John T. Batson, Jr., Watson & Hollow, P.L.C., Knoxville, TN, for City Employees Credit Union.

## MEMORANDUM ON MOTION FOR EXTENSION OF TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This contested matter is before the court on the Motion for Extension of Time Within Which to File or, Alternatively, for Leave of Court to File Complaint Objecting to Discharge (Motion) filed by City Employees Credit Union (the Credit Union) on November 7, 2003, requesting that the court enter an order extending the deadline to file objections to discharge to ten days after the completion of the Debtor's meeting of creditors[1] or to allow it

---

1. The meeting of creditors was concluded on November 12, 2003, and since it has been more than ten days thereafter, the remaining relief sought is that the court grant the Credit Union an extension after the fact.

leave to file a complaint objecting to the Debtor's discharge. The Debtor, opposing the Motion, filed the Debtor's Response to Motion to Extend Time to File Complaints on December 3, 2003. The court held a preliminary hearing on the Motion on December 18, 2003, at which time, it heard arguments from both parties in support of their respective positions. An evidentiary hearing is not required.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (J), and (O) (West 1993).

## I

The Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case on June 6, 2003. On June 12, 2003, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the Notice) was issued by the clerk of the bankruptcy court and served on all parties on the Debtor's creditor matrix, including the Credit Union. The Notice advised that the Debtor's meeting of creditors was scheduled for July 15, 2003. Additionally, the Notice fixed September 15, 2003, as the deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of certain debts.

The Debtor's meeting of creditors commenced on July 15, 2003, and was continued to July 29, 2003. The Debtor was asked to produce documents, and her meeting of creditors was then continued six additional times, to August 12, 2003, August 26, 2003, September 2, 2003, September 29, 2003, October 21, 2003, and November 12, 2003, the date it was concluded. The Credit Union was represented by counsel at the initial meeting of creditors and at six of the seven rescheduled meetings of creditors.

The Credit Union filed its Motion on November 7, 2003, or fifty-three days after the deadline to file complaints objecting to the Debtor's discharge had expired. The Credit Union does not dispute that it had notice of the September 15, 2003 discharge and dischargeability bar date.

## II

Discharge of a debtor accomplishes the key goal of the Bankruptcy Code by enabling "honest but unfortunate" debtors to obtain relief from their debts in order to commence "a fresh start." *In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)); *see also Meyers v. Internal Revenue Serv. (In re Meyers),* 196 F.3d 622, 624 (6th Cir. 1999). In Chapter 7 cases, in exchange for a liquidation of assets for the benefits of creditors, debtors' debts, or a portion thereof, are discharged. *Krohn,* 886 F.2d at 125. Debts are not extinguished by a Chapter 7 discharge, but a discharged debtor is no longer personally liable for the debts. *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 53 (5th Cir.1993). Discharge in Chapter 7 cases is granted by virtue of 11 U.S.C.A. § 727 (West 1993), which states that the court shall grant a discharge of a debtor's prepetition debts unless a party in interest objects to discharge and proves that one of ten express reasons therefore has been satisfied.

■ Objections to a debtor's discharge are governed procedurally by Federal Rule of Bankruptcy Procedure 4004, which provides in material part:

**(a) Time for filing complaint objecting to discharge; notice of time fixed**

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . .

**(b) Extension of time**

On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

**(c) Grant of discharge**

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge . . ., the court shall forthwith grant the discharge unless:

. . . .

(E) a motion to extend the time for filing a complaint objecting to the discharge is pending[.]

FED. R. BANKR. P. 4004(a). Despite the clear wording of this rule, the Sixth Circuit Court of Appeals has recently held that the Rule 4004 deadline is not jurisdictional, but instead, may be subject to equitable defenses including waiver, estoppel, and equitable tolling. *See Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003).

■■■ Here, the Credit Union has asked the court to employ the defense of equitable tolling and grant it leave to file a complaint objecting to the Debtor's discharge, despite the expiration of the September 15, 2003 deadline. In the Sixth Circuit,

> [t]here are five factors that should be considered when deciding to apply the doctrine of equitable tolling: "The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."

*Maughan*, 340 F.3d at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). If, as in this case, there is no question that the creditor received notice of the deadlines, the court's "inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant." *Maughan*, 340 F.3d at 344 (quoting *First Bank Sys. v. Begue (In re Begue)*, 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995)).

■■ The Credit Union urges the court to follow the lead of the *Maughan* court, which found that the debtor's failure to comply with a court order to turn over documentation justified the court's granting of the motion for an extension. The Credit Union argues that the same facts exist in this case as in *Maughan*, because in both cases, the debtors failed to provide adequate documentation. In this case, the Debtor did not supply information requested by the Chapter 7 Trustee, necessitating seven continuances of her meeting of creditors.[2]

The court does not agree that this case rises to the level of equity shown in *Maughan*, where the debtor had been ordered by the court to appear for a 2004 examination but failed to do so. Here, the Debtor did not disobey a court order. She appeared at the various continuances of her meeting of creditors, and she supplied documents sufficient to satisfy the Chapter 7 Trustee, such that he concluded her meeting of creditors on November 12, 2003. The Chapter 7 Trustee did not request an extension of time within which to file a complaint objecting to the Debtor's discharge.

Assuming that the Debtor did not actually supply adequate documentation at her continued meetings of creditors, the Credit Union was actively involved in the Debt-

---

**2.** The Debtor does not agree that she failed to timely supply all or a portion of the requested information.

or's bankruptcy case from its inception, appearing at the initial meeting of creditors and at six of the seven continued meetings of creditors. Clearly, the Credit Union had every opportunity to file a motion requesting an extension of time to object to the Debtor's discharge prior to the September 15, 2003 deadline.[3] Moreover, the Credit Union waited an additional fifty-three days beyond the September 15, 2003 deadline to file its Motion. The court does not agree that the Credit Union was diligent in pursuing its rights by waiting for almost two months after the deadline had expired to request an extension, nor does the court believe that the Credit Union's delay was reasonable under the circumstances.

Finally, in response to the Credit Union's argument that it could not file a motion to extend the deadline prior to having the documentation; i.e., prior to having adequate proof that the Debtor should be denied a discharge. The court points out that while the Credit Union could be subject to sanctions for filing a complaint objecting to discharge without having proper foundation and/or cause, that type of proof is not required for the filing of a motion to extend the time in which to file such a complaint. The court entertains these motions routinely and grants them liberally. All that is required is some reason or cause for extending the deadline.[4]

The *Maughan* decision does not require the court to grant an untimely filed motion to extend the deadline for objecting to discharge. *Maughan* simply allows the Credit Union to make its request, and the court to consider equitable defenses to Rule 4004. Having done so, the court finds that the Credit Union has not raised any equitable defenses, and its Motion should be denied.

An order consistent with this Memorandum will be entered.

### ORDER

For the reasons stated in the Memorandum on Motion for Extension of Time to File Complaint Objecting to Discharge filed this date, the court directs that the Motion for Extension of Time Within Which to File or, Alternatively, for Leave of Court to File Complaint Objecting to Discharge filed by City Employees Credit Union on November 7, 2003, is DENIED.

SO ORDERED.

---

**3.** "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." FED. R. BANKR. P. 4004(b).

**4.** For example, here, the Credit Union could have merely stated, in support of a timely-filed motion for an extension of the September 15, 2003 bar date, that the Debtor was not producing requested documentation and until it reviewed that documentation, it could not determine whether an objection to discharge was warranted.