File Name: 11a0872n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 10-3654**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED

*Dec 21, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| In re: JAMES ALLEN MICHALSKI, JR., )<br><br>   Debtor. )<br>-------------------------------- )<br><br>JAMES ALLEN MICHALSKI, JR., )<br><br>   Appellant, )<br><br>v. )<br><br>CHARLES COULSON, Lake County Prosecuting )<br>Attorney, )<br><br>   Appellee. ) | ON APPEAL FROM THE<br>BANKRUPTCY<br>APPELLATE PANEL FOR<br>THE SIXTH CIRCUIT |

**Before: GUY, KETHLEDGE, and WHITE, Circuit Judges.**

   **HELENE N. WHITE, Circuit Judge.** Appellant James Michalski ("Michalski") appeals the decisions of the Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court") and the Bankruptcy Appellate Panel for the Sixth Circuit ("BAP") denying his request for damages for a prosecution assertedly in violation of the Bankruptcy Code. *See* 11 U.S.C. § 362(k). We **AFFIRM**.

**I.**

In December 2006, Michalski, the sole owner of a carpet store in Madison, Ohio, issued a check to vendor Michael Sherman in the amount of $500.00 that was returned for insufficient funds. Michalski also issued two checks to Jerry Balzas in the amounts of $1,000.00 and $1,010.00 that were returned for insufficient funds. The Madison Village Police Department issued Michalski a ten-day notice to make the Sherman check good, as did Jerry Balzas's attorney with respect to the Balzas checks. Michalski did not make the checks good; instead he filed a petition for voluntary Chapter 7 bankruptcy on September 28, 2007, which listed Sherman and Balzas as creditors. On October 30, 2007, three criminal complaints were filed in the Painesville Municipal Court based on Michalski's bad checks to Sherman and Balzas. Michalski waived a preliminary hearing and the matter was bound over to the Lake County Court of Common Pleas on January 29, 2008.

Michalski was discharged from bankruptcy on February 1, 2008 and the final decree of bankruptcy issued on June 16, 2008. Neither Sherman nor Balzas filed objections to the discharge. In the interim, on May 30, 2008, the Lake County Prosecutor's Office ("LCPO") dismissed the three cases bound over from the Painesville Municipal Court.

Subsequently, on April 13, 2009, the LCPO brought a secret indictment based on the same three bad checks. On June 1, 2009, Michalski filed a motion to reopen his bankruptcy case. In the motion, Michalski requested an injunction to prohibit the LCPO from proceeding with the criminal prosecution on the ground that such prosecution violated the automatic stay and discharge injunction. Michalski also requested that the LCPO, Sherman and Balzas be held in civil contempt for these violations and be required to pay damages. The Bankruptcy Court determined the LCPO had neither violated the automatic stay nor the discharge injunction and denied Michalski's injunctive and

- 2 -

contempt claims on July 23, 2009. The Bankruptcy Court did not address the issue of damages and Michalski admits he had not incurred any damages at the time of the Bankruptcy Court's decision.

Michalski filed a Notice of Appeal to the BAP on August 3, 2009. The LCPO filed a nolle prosequi on October 5, 2009, which effectively dismissed the charges against Michalski. The LCPO then moved to dismiss Michalski's appeal on the ground that it was moot. Although the BAP agreed that Michalski's injunction claim was moot, it found Michalski could still seek damages for the contempt claim. The BAP denied Mickalski's appeal on the merits on May 3, 2010.

## II.

## A.

When a bankruptcy court decision has been appealed to the BAP, this Court directly reviews the bankruptcy court's findings of facts for clear error and conclusions of law *de novo*. *In re Behlke,* 358 F.3d 429, 433 (6th Cir. 2004).[1]

Pursuant to 11 U.S.C. § 362, upon the filing of a bankruptcy petition an automatic stay is entered that prohibits actions to recover pre-petition debts. However, the protections of the automatic stay do not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). Courts are divided over whether § 362(b)(1) operates as an absolute exception to the protections of the automatic stay or whether this provision is inapplicable when the primary motivation of the criminal proceeding is to collect a pre-petition debt. *Compare In re Dovell*, 311 B.R. 492, 494 (Bankr. S.D. Ohio 2004) ("The exception to the

---

[1]The parties filed a joint stipulation of facts below, which the Bankruptcy Court incorporated in its opinion.

automatic stay set forth in 11 U.S.C. § 362(b)(1) is inapplicable where the criminal proceeding is initiated for the purpose of collecting a debt."), *with In re Bartel*, 404 B.R. 584, 590 (B.A.P. 1st Cir. 2009) ("[A] criminal proceeding is not subject to the automatic stay, even where it relates to debt collection or where the debtor alleges that the state is proceeding in bad faith."). This Circuit has not yet addressed the issue and we need not do so here because it is clear the LCPO did not violate the automatic stay when it brought the second indictment against Michalski on April 13, 2009. The automatic stay was lifted upon Michalski's discharge from bankruptcy on February 1, 2008, and was supplanted by the order of discharge. *See* 11 U.S.C. § 362(c)(2)(C). Accordingly, the LCPO could not have violated the automatic stay when it initiated criminal proceedings against Michalski over one year later.

Although Michalski explicitly requests damages based only on the April 13, 2009 indictment, he implicitly suggests that the indictment should be viewed as a continuation of the 2007 criminal action, which was commenced while the automatic stay was still in effect. However, even under this scenario Michalski would not be entitled to relief. The only evidence Michalski presented to demonstrate the LCPO initiated criminal proceedings against him to collect the outstanding debts was the LCPO's request for restitution in the amount of $2,500, approximately the same amount as the bad checks. Although the LCPO sought restitution, it declined Michalski's offer to pay the bad checks in exchange for dismissal of the criminal charges. Based on the record, there is insufficient evidence to support Michalski's contention that the LCPO's underlying motive for prosecuting him was debt collection. Thus, whether we follow the line of reasoning that the automatic stay does not

apply to criminal proceedings or that the automatic stay applies to criminal proceedings initiated primarily to collect a debt, the LCPO did not violate the automatic stay.

**B.**

Upon Michalski's discharge from bankruptcy, the automatic stay lifted and an injunction entered to prohibit any act "to collect, recover or offset any such debt as a personal liability of the debtor[.]" 11 U.S.C. § 524(a)(2).[2] However, "[t]he mere fact that a debt has been discharged in bankruptcy does not preclude a criminal action from proceeding based on the debtor's alleged criminal conduct in relation to the debt." *In re Daulton*, 966 F.2d 1025, 1028 (6th Cir. 1992).

Michalski does not contend that the LCPO lacks authority to prosecute individuals who write bad checks. That Michalski filed a bankruptcy petition after he wrote the bad checks would not render his pre-petition conduct any less criminal. While Michalski does claim that the prosecution was a ruse to collect a debt, in violation of the discharge injunction, the LCPO sought permission from the Bankruptcy Court to continue the criminal proceedings even if restitution was not an available penalty. The record does not support Michalski's claim. Accordingly, we **AFFIRM** the decisions of the Bankruptcy Court and the BAP.

---

[2]Although Michalski seeks damages for the LCPO's purported violation of the discharge injunction under 11 U.S.C. § 362(k), that provision applies solely to automatic stay violations. However, a debtor may recover damages for a violation of the discharge injunction in a contempt action. *See In re Motichko*, 395 B.R. 25, 29-30 (Bankr. N.D. Ohio 2008).