NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1133n.06

No. 12-5087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 02, 2012*
DEBORAH S. HUNT, Clerk

In re: PAUL ARTHUR JOHNSON; )
CHRISTINE LYNN JOHNSON, )
)
    Debtors. )
)
_____ )
)
W. CURTIS SHAIN, )    ON APPEAL FROM THE UNITED
)    STATES DISTRICT COURT FOR
    Appellant, )    THE EASTERN DISTRICT OF
)    KENTUCKY
v. )
)
PAUL A. JOHNSON, )
)
    Appellee. )

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. W. Curtis Shain, a pro se federal prisoner, appeals a district court order affirming a bankruptcy court's dismissal of his complaint challenging the discharge of a debt in a Chapter 7 bankruptcy proceeding.

The debtors, a husband and wife, filed their bankruptcy case on January 4, 2011. Shain, as one of the listed creditors, was sent a notice of the filing and the deadlines for the case, which stated that any challenge to the discharge of the debts must be filed by April 1, 2011. No challenges were received by that date, and the debts were discharged. The bankruptcy case was closed on April 7,

_____

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

2011. The bankruptcy court reopened the case on receipt of Shain's complaint challenging the discharge. Counsel for the debtors filed a motion for judgment on the pleadings, arguing that the complaint was not timely filed. The bankruptcy court agreed and dismissed Shain's complaint. The district court affirmed the dismissal.

On appeal, Shain argues that the bankruptcy court should have allowed his complaint on the ground of equitable tolling and that the district court erred in finding that he did not raise this issue in the bankruptcy court. He also objects to the caption of the debtors' motion as one for judgment on the pleadings.

Shain initially argues that the district court erred in affirming the bankruptcy court's dismissal on the ground that Shain had not raised his equitable tolling argument before the bankruptcy court. Shain asserts that he asked for the application of equitable tolling in his response to the debtors' motion for judgment on the pleadings. We may affirm the district court's decision if it is correct for any reason, including one not considered by the court. *See Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 243 (6th Cir. 2004). Thus, the district court's order can be affirmed on the ground that the bankruptcy court did not abuse its discretion in declining to apply equitable tolling in this case. *See In re Maughan*, 340 F.3d 337, 344 (6th Cir. 2003).

The factors considered in determining whether equitable tolling should be applied to an untimely filing include the filer's lack of actual notice of the filing requirement, the lack of constructive knowledge of the requirement, his diligence, the absence of prejudice to the other party, and the filer's reasonableness in being ignorant of the requirement. *See id.* Not one of these factors weigh in Shain's favor. He admits that he received actual notice that his complaint must be filed by

April 1, 2011. Therefore, he cannot claim lack of constructive knowledge or reasonableness in being ignorant of the requirement. He argues that he was diligent in preparing his complaint, but he has not shown any impediment to his drafting of the complaint, despite his incarceration. Finally, the debtors would obviously be prejudiced by having their previously discharged debt challenged.

Shain makes the argument that, because the meeting of creditors was continued due to the funeral of the debtor's mother, he believed that the date for filing his complaint would be affected. However, the rules of bankruptcy procedure do not support this position, as they provide that the complaint must be filed no later than sixty days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c). The first date set was January 31, 2011, and the complaint was due, as noted in the notice provided to Shain, by April 1. The fact that a second, continued date for the meeting may have been set did not change this fact.

Finally, Shain objects to the caption of the debtors' motion as one for judgment on the pleadings. The bankruptcy court construed the document as a motion to dismiss, and the same standard applies to both types of motions. Thus, Shain cannot demonstrate prejudice from the form of the motion. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

Because the record conclusively demonstrates that Shain was not entitled to equitable tolling, the district court's order affirming the bankruptcy court's dismissal of his complaint is affirmed.