ELECTRONIC CITATION:  14 FED App.0009P (6th Cir.)
File Name:  14b0009p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**


In re:   WILLIAM BERT DOYNE;  )
       LOIS GAIL DOYNE  )
          )
       Debtors.  )
          )     No.    14-8004
          )
_____  )


Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 13-51860

Submitted:  October 28, 2014

Decided and Filed:  December 4, 2014

Before: HARRISON, HUMPHREY and LLOYD, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**


ON BRIEF: Michael A. Hamilton, HAMILTON & ASSOCIATES, Nicholasville, Kentucky, for Appellants.  Mark T. Miller, Nicholasville, Kentucky, for Appellee.


_____

**OPINION**
_____


**JOAN LLOYD**, Bankruptcy Appellate Panel Judge.  Creditor Steven Ungerbuehler ("Appellant") appeals the bankruptcy court's denial of his Motion to Extend Deadline to Object to

Discharge (the "Extension Motion"). For the reasons set forth below, the panel AFFIRMS the bankruptcy court's denial of the Extension Motion.

## I. ISSUE ON APPEAL

The issues raised in this appeal are whether the bankruptcy court applied the correct legal standard in considering the Extension Motion and, if so, whether it abused its discretion in denying the Extension Motion.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and none of the parties has timely elected to have these appeals heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted). An order denying a motion for extension of time within which to file a discharge complaint is a final and appealable order. *See, e.g. Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003).

Conclusions of law are reviewed de novo. *Michalski v. Coulson* (*In re Michalski*), 452 F. App'x. 656 (6th Cir. 2011). Whether the bankruptcy court applied the correct legal standard in considering the Extension Motion is a question of law. Assuming that the bankruptcy court applied the correct legal standard, its decision to deny the Extension Motion is reviewed for abuse of discretion. *See In re Maughan*, 340 F.3d at 344. "An abuse of discretion occurs where the reviewing court has 'a definite and firm conviction that the court below committed a clear error of judgment.'" *B-Line, LLC v. Wingerter (In re Wingerter),* 594 F.3d 931, 936 (6th Cir. 2010) (internal citation omitted). "The question is not how the reviewing court would have ruled, but rather whether a

reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.*

## III. FACTS

William Bert Doyne and Lois Gail Doyne (the "Debtors") filed their bankruptcy petition on July 30, 2013. The first date set for the meeting of creditors was August 29, 2013. Thus, under 11 U.S.C. § 523(c), the deadline for objecting to discharge was October 28, 2013.

On October 29, 2013, Appellant filed the Extension Motion. The Extension Motion alleged[1] that Appellant's counsel had suffered a disabling brain injury in a car wreck on September 4, 2013, which caused him to spend "significant time outside the office," and that he had hired a new paralegal "on or about" the week of the deadline in question. Appellant asserted that the combination of these two factors caused Appellant's counsel to overlook the deadline.

The Debtors filed an objection to the Extension Motion on November 4, 2013 and the bankruptcy court held a hearing on the Extension Motion on December 12, 2013, at which counsel for Appellant described the car wreck that gave him a "severe concussion that made me miss approximately ten weeks of work," leaving him "still under the care of a neurologist." The parties made arguments concerning the applicable legal standard and the bankruptcy court gave Appellant fourteen days to file a reply brief regarding the same. On December 26, 2013, Appellant filed his reply to the Debtors' objection in which, in addition to discussing the relevant legal standard, he further alleged[2] that Appellant's counsel had "missed more than 10 weeks of work" and argued that Appellant had "only missed the deadline by a few hours."

On January 3, 2014, the bankruptcy court entered its order denying the Extension Motion (the "Denial Order"). In the Denial Order, the bankruptcy court "agreed" that it "does not have the

---

[1] The Extension Motion did not attach a supporting affidavit from Debtor's counsel but did attach an unsworn letter from counsel's doctor stating that counsel had suffered a "significant concussion" and that, as a result, he "has limitations at work and will continue to have these limitations for some time."

[2] Appellant did not attach supporting documentation.

discretion to grant the requested extension"[3] but also cited *In re Maughan* in holding that "the deadline governing the filing of dischargeability complaints is not jurisdictional in nature, but rather, is subject to the court's equitable authority." In denying the Extension Motion, it found that there had been "no allegation that the Debtor engaged in any conduct which prevented the Creditor from filing a timely motion to extend the time within which to file a dischargeability complaint."

Appellant timely filed his Notice of Appeal of the Denial Order on January 17, 2014, initiating the instant appeal. Appellant attempted to file his brief on April 21, 2014, but that brief failed to comply with Federal Rule of Bankruptcy Procedure 8010. Following a motion to strike filed by the Debtors on May 7, 2014, the Panel on May 20, 2014 ordered the initial brief stricken and gave Appellant fourteen days to file a compliant amended brief. In that Order, the Panel also considered the Debtors' assertion in their motion to strike that Appellant had cited to facts not in the record. The Panel concluded that, based on what had been presented to it at that time, it could not make a determination on that issue. It did, however, admonish Appellant "not to include facts that are not part of the record" when filing his amended brief. Appellant filed his amended brief on June 3, 2014 and the Debtors filed their Amended Appellee Brief on June 30, 2014.[4] Appellant did not file a reply brief.

## IV. DISCUSSION

Appellant asserts that the bankruptcy court applied the wrong legal standard in denying the Extension Motion–that it treated the deadline as jurisdictional. In the Denial Order, the bankruptcy court initially appears to agree with the Debtors' argument that it does not have the discretion to extend the deadline in question. "The Debtor responds that the Court does not have the discretion to grant the requested extension. The Court agrees." On the other hand, the bankruptcy court in the

---

[3] The Debtors essentially argued in their objection to the Extension Motion that the deadline in question is jurisdictional and that the bankruptcy judge therefore had no discretion to grant the relief requested.

[4] The Debtors had failed to include a statement concerning oral argument. Also, in its May 20, 2014 Order striking Appellant's brief, the Panel gave the Debtors twenty-eight days from the filing of the amended Appellant's brief to file an amended brief, noting that the current Appellee brief relied heavily upon a case that had been overruled by the Sixth Circuit.

very next sentence expressly recognizes the precedent set forth in *In re Maughan,* that the deadline governing dischargeability complaints is non-jurisdictional and may be extended under the doctrine of equitable tolling.  In denying the Extension Motion, it goes on to compare the facts in *In re Maughan* to that of the instant case and find that here there was "no allegation that the Debtor engaged in any conduct which prevented the Creditor from filing a timely motion to extend the time within which to file a dischargeability complaint."

While there is some ambiguity in the Denial Order as to whether the bankruptcy court applied the correct legal standard, on balance the Panel reads the Denial Order as applying the correct legal standard (i.e. treating the relevant deadline as non-jurisdictional and subject to equitable tolling). The bankruptcy court's statement regarding "lack of discretion," when read in context with its discussion of *In re Maughan* beginning in the next sentence, seems more a finding that Appellant failed to meet the threshold for equitable relief set forth in *In re Maughan* than a conclusion that the deadline cannot be extended under any circumstances.

The Panel must next consider whether the bankruptcy court abused its discretion in applying the facts in the record to that standard.  As discussed above, the test for whether the bankruptcy court abused its discretion is "whether a reasonable person could agree with the bankruptcy court's decision." *In re Wingerter*, 594 F.3d at 936.   According to in *In re Maughan*, the deadline in question is "generally subject to the defenses of waiver, estoppel, and equitable tolling." *In re Maughan*, 340 F.3d at 344 (citing *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985)).  Here, because waiver and estoppel were not at issue, the Panel need only consider whether the bankruptcy court acted reasonably in considering equitable tolling.  Equitable tolling is discussed at some length in *In re Maughan*.

*In re Maughan* similarly involved a tardy motion for extension of time to object to discharge. There, the moving creditor filed his motion three days after expiration of the deadline, citing the debtor's failure to produce documents and excusable neglect as grounds for the granting of the motion. *Id*. at 340.  The bankruptcy court granted the extension, allowing the subsequently filed adversary proceeding to go to trial and ultimately finding in favor of the creditor. *Id*.  The debtor

appealed to the Sixth Circuit BAP, which reversed the bankruptcy court, leading to the appeal by the creditor to the Sixth Circuit that produced the *In re Maughan* decision.

In concluding in *In re Maughan* that the deadline governing the filing of dischargeability complaints is not jurisdictional, the Sixth Circuit followed another Sixth Circuit decision, *In re Issacman*, 26 F.3d 629 (6th Cir. 1994), which also involved an extension of time to file a dischargeability complaint.[5] Noting that the Court in *In re Issacman* had "cracked open the door of equity" by concluding that Federal Rule of Bankruptcy Procedure 9006(b)(3)[6] "does not prevent a bankruptcy court from exercising its equitable powers under 11 U.S.C. § 105(a) in accepting an untimely filed complaint," the Court in *In re Maughan* concluded that the deadline in question was not jurisdictional, "for to hold to the contrary would be to hold that equitable considerations can excuse jurisdictional defects." *In re Maughan*, 340 F.3d at 342-44 (internal quotations and citations omitted). According to *In re Maughan*, five factors should be considered when deciding to apply the doctrine of equitable tolling, as follows: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Id.* at 344.

Here, neither Appellant nor the Debtors nor, indeed, the bankruptcy court explicitly applied the foregoing factors in their respective arguments and decision. Appellant did, and does, make a brief assertion that there would have been no prejudice to the Debtors had the bankruptcy court granted the extension. Appellant's primary argument, however, boils down to an assertion that he was diligent but that unforseen and extraordinary circumstances arose that prevented him from meeting the deadline.

---

[5] In that case, the extension was needed because the bankruptcy court itself had inadvertently misinformed the movant of the deadline date.

[6] Federal Rule of Bankruptcy Procedure 9006(b)(3), among other things, limits a bankruptcy court's power to enlarge time for filing a complaint for dischargeability to the "extent and under the conditions stated" in Federal Rule of Bankruptcy Procedure 4007(c), which governs the time for filing such complaints.

Before proceeding further with an analysis using the *In re Maughan* factors, the Panel notes that at least one District Court sitting within the Sixth Circuit has opined that such five-factor analysis for equitable tolling was effectively overruled by the U.S. Supreme Court in *Pace v. DiGulielmo*, 544 U.S. 408 (2005), when it held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Thomas v. Webb*, 2007 WL 628136, at *2 (W.D. Ky. Feb. 23, 2007) (citing *DiGulielmo*, 544 U.S. at 418 (internal quotations omitted)). For the present purposes, however, the analysis is essentially the same whether one looks to *In re Maughan* or *DiGulielmo* because Appellant's argument primarily focuses on the factor in the *In re Maughan* test that overlaps the two factor test of *DiGulielmo*, the movant's diligence in pursuing his rights.

Through his initial motion, statements of counsel at hearing and supplemental memorandum in support of the Extension Motion, Appellant had the opportunity to place before the bankruptcy court the circumstances of Appellant's failure to meet the deadline in question. Appellant told the bankruptcy court, without providing a great deal of details or attaching detailed supplemental documentation, that Appellant's counsel had experienced a serious automobile wreck that, among other things, left him with a brain injury, which required counsel to be away from his office for significant periods of time around the time of the deadline, "resulting in the deadline being missed." Appellant also told the bankruptcy court that counsel's newly hired paralegal started work during the week of the deadline, and that this "transition in staff contributed to the overlooking of the deadline."

Having such narrative before it, the bankruptcy court denied the Extension Motion. In doing so, the bankruptcy court did not expressly address Appellant's story, but rather noted that, in contrast to the circumstances in *In re Maughan*, Appellant had not alleged that the Debtors' conduct had prevented Appellant from meeting the deadline. Appellant argues that the bankruptcy court's silence concerning the Appellant's proffered excuse shows that the bankruptcy court either applied the incorrect legal standard or did not give the excuse adequate consideration.

As discussed above, the Panel does not believe that the bankruptcy court applied the wrong legal standard. And, although it is perhaps unfortunate[7] that the bankruptcy court did not expressly address Appellant's story, the Panel does not believe that the bankruptcy court's silence necessarily indicates that it did not consider it or that its decision to deny the Extension Motion was unreasonable. The bankruptcy court could have determined that Appellant simply failed to complete the record when provided an opportunity to do so. Or, the bankruptcy court could have found the story so unpersuasive as to not even warrant discussion, preferring instead to exemplify the kind of extraordinary circumstances–egregious conduct by an opposing party as in *In re Maughan*–that would warrant equitable tolling.

In any event, Appellant's story certainly lacks persuasive detail.[8] For example, Appellant did not provide details of its counsel's daily activity during the period leading up to the deadline. Was counsel out of the office the entire time or did counsel go in to the office periodically? He seems to have found time to interview and hire a new paralegal at some point. When did that happen? Was he unable to do legal work at all or did he work on some matters and not others? Was his office managed in such a way that his absence prevented any work from being done there? Could someone else have taken over his cases temporarily and did he even make an attempt to get such help? These and other questions immediately spring to mind and should have been anticipated and addressed by Appellant, who bore the burden of persuasion. Given Appellant's failure to supplement the record with, at a minimum, a sworn statement, the Panel finds it reasonable for the bankruptcy court to have deemed Appellant's assertions insufficient to warrant equitable relief.

---

[7] In this regard, although decided in a different procedural context, there is precedent, including an unpublished decision by the Sixth Circuit B.A.P., to the effect that a tribunal's opinion need not expressly address every point raised by a party. *See In re Burrage*, 464 B.R. 61 (B.A.P. 6th Cir. 2011) ("A bankruptcy court's decision not to address a specific argument is not an abuse of discretion, although depending on the facts of the particular case, it may make appellate review more difficult.")

[8] Indeed, the Panel wonders what the bankruptcy court could even have specified as grounds for approving the Extension Motion. Had it granted the Extension Motion, the Debtors would certainly have appealed, and the lack of a detailed record would have given them a strong argument that the bankruptcy court had abused its discretion.

## V. CONCLUSION

For the reasons stated above, the Panel affirms the decision of the bankruptcy court.