James H. "Jim" BROWN

v.

Kevin J. NACCARI.

James H. "Jim" BROWN

v.

John NACCARI.

James H. "Jim" BROWN

v.

Craig P. NACCARI.

James H. "Jim" BROWN

v.

Bruce J. NACCARI.

Civ. A. Nos. 93–2784 to 93–2787.

United States District Court,
E.D. Louisiana.

Oct. 13, 1993.

Stephen Whitlow, Louisiana Dept. of Justice, Attorney General's Office, Baton Rouge, LA, for James H. "Jim" Brown.

Douglas Scott Draper, Friend, Wilson & Draper, New Orleans, LA, for Kevin J. Naccari and Dana F. Naccari.

## ORDER AND REASONS

DUPLANTIER, District Judge.

Because the issue in each of these four bankruptcy appeals is identical, this one order will apply to all four cases.

James H. "Jim" Brown, Commissioner of Insurance for the State of Louisiana as Liquidator of Colonial Lloyds (Commissioner), appeals the denial of his "Motion to Extend Time for Objection to Discharge".[1] For the following reasons, I reverse the bankruptcy judge's orders and grant appellant time to file an objection to the discharge in each of these cases.

Bankruptcy Rule 4004(b) provides that "the court may extend for cause the time for filing a complaint objecting to discharge." March 13, 1993, was the deadline for filing objections to the discharge of each of the eight debtors (each case involves a husband and wife). On March 12, 1993, the Commissioner filed a motion to extend that deadline as to each debtor. The motions were heard and denied on April 12, 1993.

I review the denial of the motions for extension of time for abuse of discretion.

1. The same facts are applicable in each case.

2. Colonial Lloyds was placed in liquidation in March 1992.

See *In re Case,* 937 F.2d 1014 (5th Cir.1991). I conclude that there was an abuse of discretion; there was cause for the requested extensions.

Judge Brahney denied the motions on the ground that:

apparently the Commissioner did nothing to make determinations of any fraud, embezzlement or any other such activities by Colonial entities from March of 1992 until March of 1993.[2]

Transcript of proceedings held April 12, 1993, p. 22. In examining the Commissioner's delay, the relevant date is the filing of the bankruptcy petitions, not the date liquidation was ordered. Focusing on the liquidation date would require the Commissioner to anticipate that individuals, such as the debtors involved herein, who had an interest in the failed insurance company would file for bankruptcy. The bankruptcy judge apparently concluded that on the date Colonial Lloyds was placed in liquidation, the Commissioner should have begun an investigation into whether grounds existed to object to a discharge of any individuals connected with the insurance company who might thereafter file for bankruptcy. Such an approach is unduly burdensome and inefficient.

The Commissioner's duty to inquire into objections to the debtors' discharge was not triggered until the bankruptcy petitions were filed in December 1992.[3] Thus, the Commissioner's delay was much less than the one year attributed to him by Judge Brahney. Also, the Commissioner was faced with investigating the activities of eight different persons to determine whether charges of fraud were justified. An additional delay of 30 days beyond Rule 4004(a)'s sixty day limit was hardly unreasonable.

Moreover, granting the extensions would not have unduly delayed the proceedings. At the same hearing in which the Commissioner's motions for extension were denied, Whitney National Bank and First National Bank of Jefferson Bank were each granted exten-

3. Specifically, Kevin and Dana Naccari's petition was filed December 1, 1992, John and Alma's petition was filed December 3, 1992, and the other two petitions were filed December 4, 1992.

sions similar to that requested by the Commissioner. Also relevant to the issue of whether an extension would unduly delay the proceedings is the fact that the period between the filing of the motion and the hearing on the motion was longer than the extension requested by the Commissioner. Had the motion requesting the extension been acted upon expeditiously and granted, the thirty day extension would have expired within a short time after the date on which the judge conducted the hearing on the motion.

In the absence of prejudice, requests for extensions of time under Rule 4004(b) should be liberally granted. *See Recile v. Ward,* 496 F.2d 675 (5th Cir.1974), *In re Abrams,* 35 B.R. 485 (Bankr.N.D.Ohio 1983). I grant these extensions; appellant may file an objection to the discharge of each of the debtors not later than November 15, 1993.