**In re Richard Charles LOEFGREN and Lynn Ann Loefgren, Debtors.**

**Timothy O. Kohl, Creditor–Appellant,**

v.

**Richard Charles Loefgren and Lynn Ann Loefgren, Debtors– Appellees.**

**No. 02–C–623–C.**

United States District Court, W.D. Wisconsin.

Feb. 27, 2003.

Timothy O. Kohl, for Plaintiff.

William J. Rameker, Murphy & Desmond, S.C., Madison, WI, for Defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

Timothy Kohl appeals from an order of the United States Bankruptcy Court for the Western District of Wisconsin, concluding that appellant had not shown "cause" under Fed. R. Bankr.P. 4004(b) to receive an extension of time to file a complaint objecting to the discharge of a debt. Because the bankruptcy court's order disposed of appellant's objection, it is a final order for the purpose of 28 U.S.C. § 158(a) and is appealable as of right. *See Matter of Riggsby*, 745 F.2d 1153 (7th Cir.1984) ("[D]ismissal by the bankruptcy judge of a complaint objecting to the discharge of the bankrupt is final.") Appellant contends that because he did not have notice of a second creditors meeting held under 11 U.S.C. § 341 after the first one was adjourned by the bankruptcy trustee, he is entitled to more time to depose the debtors and file a complaint. Appellees Lynn Ann Loefgren and Richard Charles Loefgren have filed a motion to strike the transcripts of the creditors meetings because they were not presented to the bankruptcy court.

Appellees' motion to strike will be granted. This court cannot consider new facts that were not in the bankruptcy court record. In addition, I conclude that the bankruptcy court did not abuse its discretion in determining that appellant had not shown cause to receive an extension for filing an objection to the discharge. Accordingly, I will affirm the order of the bankruptcy court.

From the bankruptcy court record, I find the following facts.

## RECORD FACTS

Appellees Lynn Ann Loefgren and Richard Charles Loefgren filed for relief under Chapter 7 of the Bankruptcy Code on March 22, 2002. Pursuant to 11 U.S.C. § 341, the bankruptcy trustee held a meeting of creditors on April 22, 2002. Although appellant Timothy Kohl was present at this meeting, he did not question appellees. After approximately two hours, the trustee adjourned the meeting until a later date. A second meeting was held on May 28, 2002. Appellant was not present at the second meeting.

On the day of the deadline for filing a complaint objecting to the discharge of debts, appellant filed a motion for an extension of time to file a complaint objecting to the discharge of appellees' debt to him. In his motion, appellant alleged that he "was not notified of the rescheduled proceeding."

At the motion hearing on August 6, 2002, appellant, who was proceeding pro se, told the court:

Now, [counsel for appellees] says in his motion in [opposition] or memorandum in [opposition] that the extended creditors meeting was scheduled for May

28th. Now, if the Trustee adjourned the meeting and stated that openly, I certainly did not hear it. Had I heard it, I certainly would have been there on the 28th and exercised my rights then, but I did not hear that nor was I given any notice of that date.

In response, appellees stated, "It was very clear to us that the meeting was adjourned on the record by Mr. Kepler to the 28th." The transcript from the April 22 meeting was not presented to the court either before or during the motion hearing.

After hearing from both appellant and appellees, the court denied appellant's motion for an extension of time. The court explained: "In taking the representations of counsel to be accurate, the only cause that has even been stated is that Mr. Kohl was confused." The court elaborated further:

> In this case, I cannot find, on the representations of movant, that cause has been shown. There does not appear to have been a genuine diligence in pursuing information. There's no explanation in the papers or in the representations made here today of what information was lacking that would be believed to be a basis for a complaint objecting to discharge. In fact, this merely seems to be a situation where the creditor seeks to gain some leverage by filing such a complaint. There's nothing in any of this that suggests what the basis for the objection might be, and there isn't any contention that there was specific information that was withheld.

## OPINION

Creditors in a bankruptcy case may file a complaint objecting to the discharge of a debt. Fed. R. Bankr.P. 4007(a). The grounds for denying the discharge of a debt are set forth in 11 U.S.C. § 727(a). They include certain types of fraudulent behavior on the part of the debtor and the debtor's failure to adequately explain "any loss of assets or deficiency of assets to meet the debtor's liabilities."

Under Fed. R. Bankr.P. 4004(a), creditors have 60 days after the first date set for the meeting of creditors in which to file a complaint objecting to a debtor's discharge. In this case, the date of the first creditors meeting was April 22, 2002, making June 21, 2002, the deadline for filing objections. Appellant did not argue before the bankruptcy court and does not argue on appeal that equitable tolling should apply. *See In re Kontrick,* 295 F.3d 724 (7th Cir.2002) (equitable defenses apply to 60–day deadline under Rule 4004(b)). However, under Rule 4004(b), the bankruptcy court may extend the time for filing objections if the movant shows "cause." Courts have interpreted "cause" as meaning that the creditor exercised "at least a reasonable degree of due diligence" or that there are "other unusual circumstances justifying extension." *In re Desiderio,* 209 B.R. 342, 345 (Bankr.E.D.Pa.1997); *see also Matter of James,* 187 B.R. 395, 397 (Bankr.N.D.Ga.1995) ("[A] creditor must exhibit some minimum degree of due diligence prior to seeking such an extension, and the Court should not allow the motion to serve as license for a baseless 'fishing expedition.' ") Appellant contends that his failure to receive notice of the May 28 meeting is cause for granting an extension.

Both parties recognize the standard of review set forth in Rule 8013: issues of law are reviewed de novo and factual findings may be set aside only if they are clearly erroneous. Although the standard of review is not explicitly stated in the Bankruptcy Code or the Rules of Procedure, courts agree that a bankruptcy court's determination whether or not "cause" exists is reviewed for an abuse of discretion. *In re Farhid,* 171 B.R. 94, 96 (N.D.Cal.1994); *Brown v. Naccari,* 160 B.R. 784, 785 (E.D.La.1993); *In re Dixon,* 92 B.R. 770, 772 (M.D.Tenn.1988).

■ In this case, the record shows that the bankruptcy court did not abuse its discretion in denying appellant's motion. At the hearing, appellant stated that he did not hear a date announced for a second meeting and he never received notice of it. The bankruptcy court did not find appellant's argument persuasive, concluding that appellant had not been diligent in seeking the information he wanted and that he had failed to explain why he had a basis for objecting to the discharge.

The bankruptcy court's conclusion is reasonable. Appellant concedes that he engaged in no discovery on his own to determine whether appellees' debts to him were nondischargeable. He failed to question appellees at the first creditors meeting. Although he claims in his reply brief that he was not permitted to question appellees at the first meeting because of other creditors, he did not present this argument to the bankruptcy court. Apparently, appellant intended to rely solely on the second creditors meeting. When appellant did not receive notice of the second meeting, rather than depose appellees on his own or investigate to find out when the meeting would be held, he waited until the last day to file a motion for an extension of time. See In re Quinones Rivera, 184 B.R. 178, 183 (D.Puerto Rico 1995) (stating that denial of time extension is appropriate when creditor has failed to conduct any discovery). Perhaps a different conclusion would be required if there was evidence that *appellees* had *purposely* misled appellant about the second meeting in order to insure the discharge. However, it was the trustee, not appellees, who adjourned the first meeting. Appellees had no obligation to give appellant notice of the second meeting.

■ Appellant urges this court to review the transcripts from the April 22 meeting, which appellant asserts will show that the date of the second meeting was not announced at the first one. However, as appellees point out, I cannot consider the transcript because it was not before the bankruptcy court. *In re Zolner,* 249 B.R. 287 (N.D.Ill.2000); *In re Envirodyne Industries, Inc.,* 214 B.R. 338, 344 (N.D.Ill. 1997); *see also In re Hodes,* No. 98–200397, 2002 WL 31940710, 287 B.R. 561 (D.Kan. Dec.20, 2002); *Educational Credit Management Corp. v. Buchanan,* 276 B.R. 744 (N.D.W.Va.2002). This is a general rule that applies not only to bankruptcy appeals but to nearly all appellate proceedings, particularly when the new issue involves a question of fact. *See Diersen v. Chicago Car Exchange,* 110 F.3d 481, 485 (7th Cir.1997). Appellant has provided no explanation for his failure to obtain a transcript of the April 22 meeting in time for the motion hearing, which was held more than three months after the meeting. Instead, at the hearing, appellant rested solely on his own representations, which, as the bankruptcy court noted, were "confused." After losing that argument, appellant cannot obtain a new result by buttressing his position with new facts.

■ Appellant insists that appellees have waived the application of this rule because they agreed to include the transcript in the appellate record. The problem with this argument is that the rule cannot be waived by appellees. The rule exists to further judicial economy and to insure that parties will present all of their evidence and arguments to the trial court in the first instance so that the best decision can be made at that time. When a party challenging a trial court decision seeks to introduce new evidence on appeal, it is asking the appellate court to reverse the trial court on grounds that the trial court never had the benefit of considering. I cannot conclude that the bankruptcy court abused its discretion for failing to consider evidence never presented by the parties.

Finally, even at this stage, appellant has failed to identify any reason why he believes that appellees' debt to him is not dischargeable. Other courts have agreed with the bankruptcy court that no extension is warranted to allow a creditor to engage in nothing more than a "fishing expedition." *See, e.g., In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995). The bankruptcy court's order will be affirmed.

## ORDER

IT IS ORDERED that the motion to strike of appellees Lynn Loefgren and Richard Loefgren is GRANTED. FURTHER IT IS ORDERED that the decision of the United States Bankruptcy Court for the Western District of Wisconsin to deny appellant Timothy Kohl's motion for an extension of time in which to file a complaint objecting to the discharge of the debt of appellees is AFFIRMED.