**In the Matter of: Richard C. LOEFGREN and Lynn A. Loefgren, Debtors.**

**Appeal of Timothy O. Kohl.**

**No. 03–1662.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 3, 2003.[*]

Decided Dec. 8, 2003.

Timothy O. Kohl, Madison, WI, for Appellant.

William J. Rameker, Murphy & Desmond, Madison, WI, for Debtors–Appellees.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### Order

Timothy Kohl, a creditor of Richard and Lynn Loefgren, asked the bankruptcy court to extend the time to object to a discharge. The bankruptcy judge denied this motion, the district judge affirmed, and Kohl has appealed to us. Our jurisdiction depends on the existence of a "final" order, 28 U.S.C. § 158(d), and an order denying a motion to extend time does not fit that category. But lack of a timely motion means that the debt will be discharged as a matter of course, and the parties have briefed this appeal as if the issue is whether Kohl's debt is dischargeable. On that understanding we have jurisdiction, see *In re Marchiando*, 13 F.3d 1111, 1113–14 (7th Cir.1994), but the issues available are correspondingly limited. We are not substitute bankruptcy judges exercising discretion about extensions of time; the question we must decide is whether the bankruptcy judge made any legal error that blotted out Kohl's entitlement to have the debt pass through the bankruptcy.

From this perspective it is dispositive that Kohl has never offered any reason to believe, or even to suspect, that the debt is not subject to discharge. He wanted more time so that he could interrogate the debtors in the hope that something would turn up. The bankruptcy judge denied that motion, made on the final day allowed for objecting, in the belief that Kohl already had enjoyed enough time. Kohl protests that the first creditors' meeting ended before he could interrogate the debtors. Let us suppose that this is true (though the debtors say that Kohl passed on his opportunity); let us further suppose that Kohl did not receive actual notice of the date at which the second meeting would be held. Still, two things are unarguable: first, Kohl did not make any attempt to learn that date (though he is a lawyer and must know that such matters are recorded in the court's files); second, he has not offered any reason to believe that interrogating the debtors would be a productive exercise. What fact does Kohl need to know that only the debtors can tell him? Kohl has not told us what he seeks to learn or why it would have any legal significance. Accordingly, he is not entitled to relief.

AFFIRMED

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).