## In re CELLULAR EXPRESS OF ARIZONA, INC., Debtor.

David A. Birdsell, Chapter 7 Trustee, Plaintiff,

v.

U.S. West Newvector Group, Inc., et al., Defendants.

Bankruptcy No. 99–04210–PHX–RJH.
Adversary No. 01–00225.

United States Bankruptcy Court, D. Arizona.

March 28, 2002.

did it develop any legal argument on them. These defenses are deemed abandoned, via the failure to actively present them.

Maureen P. Henry, Leonard Collins & Kelly, P.C., Phoenix, AZ, for David A. Birdsell, Chapter 7 Trustee.

Michael G. Helms, Jennings, Strouss & Salmon, P.L.C., Phoenix, AZ, for Cellexis International, Inc., k/n/a/ Wireless Pathways, Inc., Kenneth M. Widner, Thomas M. Day and Larry Day.

## OPINION ON MOTION TO DISMISS TRUSTEE'S SECOND AMENDED COMPLAINT

**RANDOLPH J. HAINES, Bankruptcy Judge.**

Before the Court is the Defendants' motion to dismiss the Trustee's amended adversary complaint, essentially on statute of limitations grounds. The issue is whether an original, timely complaint that merely states that preferential and fraudulent transfers were made to the defendants within the applicable prepetition time periods, without identifying or describing any transactions, gives defendants sufficient notice of the particular transactions complained of, for a post-statute of limitation amendment specifying the transactions to relate back under F.R.Civ.P. Rule 15(c). On the facts presented here, this Court concludes it does not.

This order constitutes the Court's findings of fact and conclusions of law.

### Factual and Procedural History

Cellular Express of Arizona, Inc. (the "Debtor") commenced this bankruptcy case by filing a voluntary Chapter 11 petition on April 15, 1999. The case was converted to Chapter 7 on June 15, 1999, and David A. Birdsell was appointed as the Chapter 7 Trustee ("Trustee").

The Trustee filed his original adversary complaint on April 13, 2001, just two days before expiration of the two-year statute of limitations provided by § 546(a)(1)(A).[1] Counts One and Two, the only ones presently before the Court, sought to avoid transfers made to the Defendants as preferential pursuant to § 547 and as fraudu-

lent transfers pursuant to §§ 544 and 548, respectively.

In Count One, the Trustee alleged on information and belief that certain Defendants were insiders of the Debtors, that the Insider Defendants were owed varying amounts by the Debtor prior to the petition date; that property of the debtor was transferred to the Insider Defendants for, and/or on account of antecedent debts owed to the Insider Defendants; that such transfers were within 90 days or one year before the petition date; that the transfers were made while the Debtor was insolvent or that such transfers rendered the Debtor insolvent; and that the transfers allowed the Insider Defendants to receive more for the antecedent debts than the Insider Defendants would have received under a distribution in a Chapter 7 bankruptcy case. The prayer for relief as to Count One sought avoidance of "all transfers of the debtor's property to such Insider Defendants" within one year prior to the filing of the bankruptcy petition pursuant to § 547, and judgment for the amount of "all such transfers" pursuant to § 550.

In Count Two, the Trustee incorporated all of the allegations made in Count One and also alleged on information and belief that in the one year and in the four years[2] prior to the filing of the bankruptcy petition, the Debtor transferred property of the Debtor to the Insider Defendants; that the transfers were made at a time when the Debtor was insolvent or the Debtor became insolvent as a result of the transfers; that the Debtor received less than reasonably equivalent value in exchange for Debtor's transfers; and that the transfers were made with the actual

---

1. Unless otherwise noted, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2. Arizona has adopted the Uniform Fraudulent Transfer Act, with minor modifications not relevant here, which provides a four-year statute of limitations for most fraudulent transfers. A.R.S. § 44–1009.

intent to hinder, delay, or defraud creditors. The prayer for relief as to Count Two sought to avoid "the transfers of the debtor's property to the Insider Defendants" within one year and four years prior to the petition date pursuant to §§ 544 and 548, and judgment for the amount of such transfers, in an amount to be proven at trial, pursuant to § 550.

Except for reciting the statutory elements for preference and fraudulent transfer claims, the original adversary complaint did not identify or describe any specific transfers or types of transfers to the Insider Defendants.

Certain of the Insider Defendants [3] moved for a more definite statement under Bankruptcy Rule 7012(b) which incorporates Federal Rule 12(e) of the Rules of Civil Procedure. They argued that the Trustee failed to allege the nature of any of the subject transfers, whether the transfers were in money or other property, the dates of any such transfers, or the amounts of any such transfers. Defendants also stated that the Trustee failed to allege whether all of the Defendants were recipients of one transfer or whether it is claimed that each Defendant received one or more separate transfers. Defendants argued that without knowing what it is that the Trustee claims was a preferential or fraudulent transfer, that the Defendants are unable to respond to the claims of the Trustee.

The Court granted the motion for more definite statement, and on September 13, 2001, the Trustee filed a second amended complaint.[4] The second amended complaint alleged the same elements for avoidable preferential and fraudulent transfers and also included allegations concerning the specific transactions related to each of the Defendants. For example, as to Insider Defendant Kenneth Widener, the second amended complaint identified six checks by check number, date and amount that were allegedly avoidable as preferences. But except for including the identified allegedly preferential transfers, the second amended complaint was not much of an improvement on the fraudulent transfer count, merely identifying the transactions as "inter-company transfers and payment of inter-company obligations."

Certain Insider Defendants filed the present motion to dismiss, arguing that the statute of limitations of § 546(a) had expired by the date that the second amended complaint was filed.[5] They also maintained that the second amended complaint does not relate back to the date of the original complaint because the federal re-

---

**3.** Cellexis International, Inc., n/k/a/ Wireless Pathways, Inc.; Kenneth M. Widner; Tomas M. Day; and Larry Day (collectively the Movants to the pending motion to dismiss).

**4.** The Trustee had filed a first amended complaint on April 16, 2001, but it was identical to the original complaint in Counts One and Two, the only apparent difference being some additional non-insider defendants named in Counts Three and Four.

**5.** Section 546 provides the following statute of limitations on the Trustee's avoiding powers:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title

may not be commenced after the earlier of—
> (1) the later of—
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

lation back doctrine [6] applies only ·where the original complaint put the defendants on notice of the particular transaction or set of facts upon which the plaintiff bases his claim. The Trustee responded that the second amended complaint does relate back because it merely restates the original claims with greater particularity. The Trustee argues that the second amended complaint does not bring new claims against the Defendants, or attempt to add new parties to the litigation, and that the proof required under the second amended complaint is the same as for the claims stated in the original complaint.

There is no dispute that the second amended complaint was filed after the expiration of the § 546 statute of limitations applicable to the Trustee's avoiding powers.

### Discussion

■■■ Leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This rule is applied with "extreme liberality" in the Ninth Circuit. *Magno v. Rigsby (In re Magno)*, 216 B.R. 34, 38 (9th Cir. BAP 1997) (citations omitted). In exercising its discretion concerning the allowance of amendments to pleadings, the court is "guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or on technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). The court should consider the following factors in determining whether a motion to amend should be granted or denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Id.* at 979; *see*

also *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir.1997).

■■■ Here the Court granted the Defendant's motion for a more definite statement and suggested that the Trustee needed to amend the adversary complaint in order to identify the transaction or event to which the Trustee was attempting to apply the elements for an avoidable preference or fraudulent transfer. Although leave to amend the Trustee's complaint was "freely given" as required by the rules, the Court ordinarily has no authority to extend the applicable statute of limitations.

The second amended complaint was filed after the expiration of the applicable statute of limitations, but Rule 15(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7015, allows for the amended pleading to relate back to the date of the original pleading. Rule 15(c) states:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for

---

**6.** F.R.Civ.P. Rule 15(c), which is incorporated by Bankruptcy Rule 7015, provides in pertinent part that an amended pleading "relates back to the date of the original pleading when ... the claim or defense asserted in the

amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...."

service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

. . . .

Fed.R.Civ.P. 15(c).

A post-statute of limitations amendment of a complaint that does not change the parties usually occurs under one of two scenarios: 1) the same set of factual allegations are asserted as in the original complaint, but there is a change in the legal reasoning or claim for relief pled; or 2) the same claim for relief is asserted on the same legal reasoning, but there is a change in the underlying factual allegations. In the situation where a plaintiff seeks to amend the complaint to state a new claim against an original defendant, *i.e.*, change the legal reasoning, the court compares the original complaint to the amended complaint and decides whether the claim to be added "will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (citations omitted). In the situation where the plaintiff seeks to amend the complaint to modify the underlying factual allegations, the court looks to the original pleading to determine whether the defendant was put on notice of the particular transaction or set of facts that the plaintiff believes to have caused the claim. *Magno*, 216 B.R. at 38–41.

■ In both situations, courts also consider whether the original complaint satisfied the requirements for a complaint under Federal Rule 8, made applicable here by Bankruptcy Rule 7008. *See generally Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1508–09 (9th Cir.1995); *Classic Auto Refinishing v. Marino (In re Marino)*, 37 F.3d 1354, 1357–58 (9th Cir. 1994); *Gschwend v. Markus (In re Markus)*, 268 B.R. 556, 560–61 (9th Cir. BAP 2001). Rule 8 merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." But the purpose of notice pleading under Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Marino*, 37 F.3d at 1357 (*citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "[T]he policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." *Marino*, 37 F.3d at 1357. If there is nothing for the otherwise time barred amended complaint to relate back to, the amended complaint cannot be considered timely filed. *Id.* at 1358. Consequently the determination of relation-back issues in this circuit is by a two-part test: "Is the initially-filed paper adequate to constitute a 'complaint' under Bankruptcy Rule 7008 (Civil Rule 8)? If yes, then: does the claim asserted in the amendment arise from the same 'conduct, transaction, or occurrence' as the original claim?" *Markus*, 268 B.R. at 560–61.

■ The Trustee argues that the second amended complaint does not add any new claims or parties to the litigation, but that it merely clarifies the original complaint. In the sense that the second amended complaint did not assert any new causes of action, *i.e.*, the second situation outlined above, this is correct. From this, the Trustee argues that "the claim can be proved by the same kind of evidence offered in support of the original pleading;

therefore, it will relate back under the standards set forth in" *Gelling v. Dean (In re Dean),* 11 B.R. 542, 545, (9th Cir. BAP 1981), *aff'd,* 687 F.2d 307 (9th Cir.1982). While also correct, that only satisfies the second part of the relation-back test; it is still necessary to determine whether the original complaint was adequate to constitute a complaint under Rule 8.

■ To satisfy Rule 8 in this circuit, the original complaint must "put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury." *Percy,* 841 F.2d at 979, *quoting Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 739 (9th Cir.1982). At least on the facts presented here, this Court concludes that a mere recitation of the statutory elements of preference and fraudulent transfer law do not necessarily put the defendants on adequate "notice of the 'particular transaction or set of facts'" for which the plaintiff seeks to recover. Given the Code's extremely broad definitions of what constitutes "property" and a "transfer" of property, *see, e.g.,* §§ 101(54) & 541, the kinds of transactions that can be encompassed within the statutory elements of preference and fraudulent transfer are innumerable and not always predictable. For example, even an election to waive a tax NOL carryback can constitute a fraudulent transfer in this circuit. *United States v. Sims (In re Feiler),* 218 F.3d 948 (9th Cir.2000).

Perhaps a good test for the adequacy of the notice given by a complaint is to ask whether the defendant could respond to it with an appropriate affirmative defense. For example, could a defendant respond to the preference allegations of the Trustee's original complaint by saying, "No, I gave contemporaneous new value for that transfer, pursuant to § 547(c)(1), and attached hereto is my invoice showing the value I gave," or "That transfer was made in the ordinary course of business, pursuant to § 547(c)(2)"? Obviously with the amorphous allegations of the Trustee's original complaint, no defendant could have so responded unless the actual facts were such that the defendant necessarily had to know the complaint could only be aimed at a particular transaction.

■ It may not be necessary for an initial complaint to identify each transfer by check number, date and amount, but at minimum there must be some description of the *types* of transfers sought to be avoided, such as transfers by cash or check, transfers of real or personal property, transfers by covering an employee's personal obligations, transfers by a release of obligations owed to the debtor, indirect *DePrizio*-type transfers, transfer by a leveraged buyout, etc. Without at least some specification of the kinds of transactions the plaintiff seeks to avoid, defendants may not really have any notice of the "particular transaction or set of facts" for which they must answer, and may be incapable of identifying applicable affirmative defenses.

Nor is it necessarily required that the Trustee identify all such transactions in the initial complaint; if some are adequately identified, others of the same type, and possibly of a different type, might permissibly be added by amendment. For example, the Trustee relies on *McMullen Oil Co. v. Crysen Refining, Inc. (In re McMullen Oil Co.),* 251 B.R. 558 (Bankr. C.D.Cal.2000), where the initial complaint sought to recover on the basis of 15 checks that were improperly cashed, and an amended complaint was permitted to relate back and add an additional 13 checks. Nothing in this opinion is contrary to such a result. The difference is that the original complaint adequately identified at least *some* transactions, sufficient to constitute a

complaint for purposes of Rule 8. It's only where there are absolutely *no* adequately identified transactions in the original complaint that relation back should be denied, because the initial complaint does not suffice as a complaint.[7]

### Conclusion

 Whether an amended complaint relates back to a timely filed pleading must be determined on a case-by-case basis. The Court is mindful that there may be facts presented in other cases where a trustee files a similar adversary complaint for avoidance of preferences and fraudulent conveyances, but the complaint will not be dismissed, and may later be amended to clarify the factual allegations. Such a situation might be presented if there was only one transaction between the debtor and the defendant, or if the transactions have been adequately identified through other kinds of descriptions. Here, for example, it might have been a simple matter for the plaintiff Trustee to have clarified in the original complaint that the preferential transfers sought to be avoided were various transfers made by check, perhaps purportedly on account of certain kinds of debts. At least then the defendants would be on notice that the complaint concerns check transactions with the debtor in the relevant time period. Unfortunately, no such effort was made.

Instead, the original complaint here did not adequately identify *any* transaction. It simply stated the elements for an avoidance claim based on preferential transfers or fraudulent conveyances, for one to four years prepetition. The Trustee grouped all the alleged insider defendants together and did not identify if they had all been part of one transaction or the same series of transactions, or whether each of the

Defendants had one or more different transactions. As it turns out, which we can see from a review of the second amended complaint, the Defendants were not all parties to the same transactions and the amounts and dates of the transfers varied greatly. As the Court indicated at the time of the hearing on the motion for a more definite statement, the original and first amended complaints in this case did not include sufficient information for the Defendants to file a response, to assert any of the numerous affirmative defenses that may be available, or even to know what transactions formed the basis of the Trustee's complaint.

Accordingly, based on the foregoing, the Court therefore finds and concludes that the original complaint fails to meet the requirements of Federal Rule 8, so the second amended complaint does not relate back, and is therefore barred by the statute of limitations.

---

**7.** But unless the intent to pursue possible additional transactions is stated in the original complaint, a post-statute of limitations amendment adding additional transactions might not be permitted. *McMullen,* 251 B.R. at 577.