Beth A. Buchanan, United States Bankruptcy Judge
This matter is before this Court on Defendant-Debtor Jeremy J. Sadlon's ("Debtor") Motion to Dismiss Creditor Misty Sadlon's Late-Filed Adversary Complaint [for] Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss") [Docket Number 3] and Plaintiff Misty Sadlon's Response to Debtor/Defendant's Motion to Dismiss [Docket Number 4]. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and the standing General Order of Reference in this District.
The Debtor filed his Motion to Dismiss Ms. Sadlon's adversary complaint arguing that it is untimely filed and that its allegations are insufficient to state a claim. For the reasons that follow, this Court concludes that the doctrine of equitable tolling is appropriately applied in this case allowing this Court to accept Ms. Sadlon's adversary complaint as timely filed. However, her allegations in the complaint are insufficient to meet the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9(b). Consequently, this Court will require Ms. Sadlon to file an amended complaint within the deadline provided herein or face dismissal.
I. BACKGROUND
On August 25, 2017, the Debtor filed a chapter 7 bankruptcy petition. The § 341[1] meeting of creditors was scheduled for October 4, 2017. This date is significant because it triggers the deadline for filing certain causes of action against the debtor, including nondischargeability actions under § 523(c). The parties do not dispute that the deadline for filing § 523(c) causes of action in this case was December 4, 2017.
On December 4, 2017, the Debtor's former spouse, Ms. Sadlon, filed a document in the Debtor's bankruptcy case captioned an Objection to Discharge ("Objection") [Bankruptcy Case Number 17-13107, Docket Number 12]. Although the detail in the document is minimal, the Objection provides notice that Ms. Sadlon objects to the Debtor's discharge pursuant to § 727 and objects to the dischargeability of marital debts and domestic support obligations [Id. ]. Furthermore, the Objection provides *264 that Ms. Sadlon "objects to the Debtor's discharge under provision 11 U.S.C. § 523(a)(2)(A)" based on the Debtor's use of joint credit cards after the divorce was final and allegedly in violation of the Decree of Dissolution [Id. ].
The next day, Ms. Sadlon filed a "Motion to Extend Time to File Adversary Complaint " [Bankruptcy Case No. 17-13107, Docket Number 13] ("Motion to Extend Time"). In the Motion to Extend Time, Ms. Sadlon requests permission to file an adversary complaint noting that the Objection, while erroneously filed in the Debtor's main bankruptcy case, was timely filed within the applicable deadline for an adversary complaint and provided the Debtor with fair notice of the issues [Id. ].
On that same date, December 5, 2017, Ms. Sadlon filed an adversary complaint against the Debtor [Adversary Proceeding No. 17-1064, Docket Number 1] ("Complaint"). In the Complaint, Ms. Sadlon cites no specific statutory basis for the complaint's claims but states in general terms that she objects to the dischargeability of marital debts and domestic support obligations [Id. ]. In addition, Ms. Sadlon alleges that the Debtor used joint credit cards in his and Ms. Sadlon's name after the divorce was final and in violation of the Decree of Dissolution describing the Debtor as acting with the "intent to defraud" Ms. Sadlon and alleging that the debts were "fraudulently incurred" [Id. ]. Ms. Sadlon requests that the Debtor be denied a discharge as to these debts along with the marital debts and domestic support obligations [Id. ].
On December 26, 2017, Debtor filed a response to the Motion to Extend Time and further filed a motion to dismiss Ms. Sadlon's Objection in the main case [Bankruptcy Case Number 17-13107, Docket Numbers 17 and 18]. In these documents, the Debtor argued that Ms. Sadlon's Objection violates Federal Rule of Bankruptcy Procedure ("Rule") 7001 because the causes of action are the type required to be filed in an adversary proceeding but that the filing of an adversary complaint would now be time-barred because the deadlines provided in Rules 4004 and 4007 had expired [Id. ]. The Debtor further argues that the time for filing an adversary complaint objecting to discharge or asserting the nondischargeability of specific debts could not be extended because the Motion to Extend Time was also filed after the deadlines expired [Id. ].
On January 4, 2018, Debtor filed his Motion to Dismiss Ms. Sadlon's Complaint in this adversary proceeding [Adversary Number 17-1064, Document Number 3]. In the Motion to Dismiss, Debtor argues that Ms. Sadlon's Complaint is time barred because it was filed December 5, 2017, one day after the deadline provided in Rules 4004 and 4007. While acknowledging that the Objection was filed in the main case within the deadline, Debtor argues that Ms. Sadlon's experienced counsel who was retained well within the deadline should have been able to meet the deadline set forth in the Rules. Debtor further asserts that the Complaint fails to state a claim and to plead fraud with particularity by failing to set forth sufficient facts regarding the claims and debts at issue.
Ms. Sadlon filed a response to the Motion to Dismiss [Adversary Number 17-1064, Docket Number 4] arguing that it should be denied because Ms. Sadlon acted timely and within the deadline by filing her Objection. Although acknowledging that the causes of action in the Objection should have been filed in an adversary proceeding rather than the Debtor's main bankruptcy case, Ms. Sadlon asserts that the Objection was sufficient to give the Debtor notice of the claims against him and that she worked quickly to fix the *265 issue by filing the Complaint and her Motion to Extend Time the next day. Under these circumstances, she argues that the deadline for filing an adversary complaint should be equitably tolled.
II. LEGAL ANALYSIS
A. Legal Standard for a Motion to Dismiss
A motion to dismiss under Federal Rule of Civil Procedure ("Civil Rule") 12(b)(6), for failure to state a claim upon which relief can be granted, challenges the legal sufficiency of a complaint. In determining a motion to dismiss, the court must " 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.' " Jones v. City of Cincinnati , 521 F.3d 555, 559 (6th Cir. 2008) (quoting Directv, Inc. v. Treesh , 487 F.3d 471, 476 (6th Cir. 2007) ). However, in determining such a motion, a court "need not accept as true legal conclusions or unwarranted factual inferences." Id.
Because a defendant is entitled to fair notice of what the plaintiff's claim is and the grounds upon which it rests, the plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Consequently, to survive the filing of a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Varljen v. Cleveland Gear Co., Inc. , 250 F.3d 426, 429 (6th Cir. 2001).
B. Untimeliness of the Complaint and Equitable Tolling
This Court's analysis begins with Rule 4007(c), which sets forth the deadline for filing certain actions to determine the dischargeability of debts.[2] Rule 4007(c) provides:
Except as otherwise provided ..., a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.
Fed. R. Bankr. P. 4007(c). The rule requires that both an adversary complaint to determine a debt nondischargeable under § 523(c), as well as any motion to extend time to file such a complaint, be filed before the sixty-day deadline expires. Reinforcing this rigid deadline is Rule 9006, which states that courts may enlarge the time for taking action under Rule 4007"only to the extent and under the conditions stated" within Rule 4007. Fed. R. Bankr. P. 9006(b)(3). See also Nardei v. Maughan (In re Maughan) , 340 F.3d 337, 341 (6th Cir. 2004).
Nonetheless, the Sixth Circuit has joined other courts in their conclusion that the deadline set forth in Rule 4007(c) is not jurisdictional but is, instead, a statute of *266 limitations, "or simply a deadline," that is subject to equitable defenses including waiver, estoppel and equitable tolling. Maughan , 340 F.3d at 343-44.
Applying these legal standards to this case, this Court begins with the fact that the Rule 4007(c) deadline does not apply to all causes of action in Ms. Sadlon's Complaint, only to those specifically described in § 523(c). Section 523(c) covers causes of actions to determine a debt nondischargeable under § 523(a)(2), (a)(4), and (a)(6). 11 U.S.C. § 523(c)(1).[3] Unfortunately, Ms. Sadlon's Complaint is exceedingly vague and lacks any reference to the specific provisions of § 523 under which she seeks relief. This Court will address the insufficiency of Ms. Sadlon's allegations in a subsequent section of this decision. For purposes of determining whether the deadline in Rule 4007(c) is applicable, this Court relies on language in the Complaint requesting that the Debtor's martial debts, domestic support obligations, and fraudulently incurred debts be determined nondischargeable. From this language, this Court infers that Ms. Sadlon pursues claims under § 523(a)(2), (a)(5), and (a)(15). Notably, only one of those provisions-Ms. Sadlon's fraud claim under § 523(a)(2) -is included in § 523(c) and is, thus, subject to the Rule 4007(c) deadline. Consequently, the question becomes whether the deadline for filing Ms. Sadlon's § 523(a)(2) fraud claim may be extended or equitably tolled.
In his various filings in the main bankruptcy case as well as his Motion to Dismiss, the Debtor argues that Ms. Sadlon's deadline may not be extended. He emphasizes that her Complaint and Motion to Extend Time were filed the day after the sixty day deadline expired. Because the deadline had passed, the Debtor argues that the deadline cannot be extended through Rule 4007(c). The Debtor is correct in his assessment of the time line of events and his construction of Rule 4007(c). However, pursuant to the Sixth Circuit precedent in Maughan , this Court may still accept the untimely complaint if Ms. Sadlon meets the requirements for equitable tolling of the deadline. Maughan , 340 F.3d at 344.
In determining whether to apply the doctrine of equitable tolling, the Sixth Circuit directs a bankruptcy court to consider the following factors:
1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.
Id.[4] Like Ms. Sadlon, the plaintiff in Maughan did not claim any lack of notice or *267 knowledge of the filing deadline. Id. In such circumstances, the " 'inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant.' " Id. (citing First Bank System v. Begue (In re Begue) , 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995) ).
In this case, Ms. Sadlon argues that the deadline is subject to equitable tolling because she acted diligently by filing her Objection in the main case within the December 4, 2017 deadline set by Rule 4007(c). While the causes of action therein should have been brought via an adversary complaint, Ms. Sadlon argues that the Objection provided sufficient notice that she was attempting to have certain marital debts and debts arising from the Debtor's alleged fraudulent use of joint credit cards determined nondischargeable.
Although the use of equitable tolling should be confined to rare circumstances, this Court agrees with Ms. Sadlon that it should be applied in this case. "Equitable tolling is 'appropriate where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]' " Wilkerson Fuel, Inc. v. Elliott , 415 B.R. 214, 222 (D.S.C. 2009) (further citation omitted). As such, equitable tolling has been applied to allow a nondischargeability complaint filed after the Rule 4007(c) deadline when the creditor originally acted within the deadline by filing his claims defectively within a motion for relief from stay. Id. Similarly, equitable tolling was applied to allow the acceptance of a nondischargeability complaint when the creditor filed the complaint improperly within the estate case on the last day of the deadline and, instead of amending the filing, withdrew it and filed a new complaint the day after the deadline expired. First Financial Bank, N.A. v. Forsythe (In re Forsythe) , 2005 Bankr. LEXIS 2903, at *10-13, 2005 WL 4041162, at *4-5 (Bankr. S.D. Ohio May 24, 2005).
Like the creditors in these cases, Ms. Sadlon acted to protect her rights within the Rule 4007(c) deadline by filing her Objection in the main case on December 4, 2017. Ms. Sadlon further acted promptly to fix the filing defect by filing an adversary complaint the next day.
In addition, the Debtor identifies no prejudice to himself resulting from Ms. Sadlon's delay in filing the Complaint. The Objection provided the Debtor with notice of the claims that Ms. Sadlon was attempting to pursue and, as noted before, Ms. Sadlon corrected her filing error by filing the Complaint the next day. Based on these circumstances, this Court finds no "meaningful delay" prejudicial to the Debtor. See Forsythe , 2005 Bankr. LEXIS 2903, at *13, 2005 WL 4041162, at *4 (concluding that a plaintiff who acted diligently within the deadline and corrected its electronic filing error within 24 hours of the deadline did not cause any "meaningful delay" prejudicial to the debtors).
Although the Complaint was filed by Ms. Sadlon a day after the filing deadline, this Court finds equitable tolling to be appropriate.
*268 Accordingly, the Complaint is considered timely filed and the Debtor's Motion to Dismiss is denied in this respect.
C. Sufficiency of the Pleadings Under the Standards Provided in Civil Rules 8 and 9
The Debtor next argues that the Complaint should be dismissed based on the insufficiency of Ms. Sadlon's allegations.
Pursuant to Civil Rule 8, adopted in bankruptcy adversary proceedings by Rule 7008, a pleading setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give a defendant sufficient notice of the pleader's claim and the grounds upon which it rests so that the defending party can prepare an adequate answer. See Giuliano v. U.S. Nursing Corp. (In re Lexington Healthcare Group, Inc.) , 339 B.R. 570, 575 (Bankr. D. Del. 2006) ; Birdsell v. U.S. West Newvector Group, Inc. (In re Cellular Express of Ariz., Inc.) , 275 B.R. 357, 363 (Bankr. D. Ariz. 2002). While a complaint need not contain detailed facts, the allegations must include facts beyond mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly , 550 U.S. at 555, 127 S.Ct. 1955.
The pleading standards are heightened when a claim includes averments of fraud. Pursuant to Civil Rule 9(b)[5] , incorporated into bankruptcy proceedings by Rule 7009, a party is required to plead fraud with sufficient particularity to give the answering party notice of the misconduct that is being alleged. Fed. R. Civ. P. 9(b). See also State Bank and Trust Co. v. Spaeth (In re Motorwerks, Inc.) , 371 B.R. 281, 294 (Bankr. S.D. Ohio 2007). To meet Civil Rule 9(b) requirements, the Sixth Circuit generally requires the party to provide the "time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent ... and the injury resulting from the fraud." Coffey v. Foamex L.P. , 2 F.3d 157, 161-62 (6th Cir. 1993) ; Motorwerks , 371 B.R. at 294-95.
This Court agrees with the Debtor that the vague allegations in Ms. Sadlon's Complaint fall below the requirements of Civil Rules 8. Although she states her desire to hold debts excepted from discharge, Ms. Sadlon cites no specific provision of § 523 under which she seeks relief. In addition, Ms. Sadlon identifies the non-fraud debts merely by the labels "marital debts" and "spousal support obligations." These allegations fail to give the Debtor the factual basis for the claims necessary to prepare an adequate answer.
Ms. Sadlon further fails to allege her fraud claim with sufficient particularity as required by Civil Rule 9(b). As with her other claims, she fails to specify which provision of § 523 applies to the "fraudulently incurred" credit card debts that she wishes to except from discharge. In addition, she fails to identify which joint credit cards were used in violation of the Decree of Dissolution, the dates on which they were used, and the language within the Decree allegedly violated by that use.
The allegations in Ms. Sadlon's Complaint fall short of the requirements of Civil Rules 8 and 9(b) and below what this Court should expect from experienced *269 bankruptcy counsel. This Court agrees with the Debtor that these shortcomings may warrant dismissal. Nonetheless, affording a plaintiff an opportunity to amend the complaint to satisfy pleading requirements is favored over an outright dismissal. Coffey , 2 F.3d at 162 ; Motorwerks , 371 B.R. at 294. For these reasons, this Court will allow Ms. Sadlon time to amend her Complaint to satisfy the requirements outlined in this decision or her Complaint will be dismissed.
III. CONCLUSION
The failure of Ms. Sadlon to plead her claims sufficiently under Civil Rules 8 and 9(b) warrants dismissal of this matter if an amended complaint is not filed satisfying the pleading requirements. Accordingly, the Debtor's Motion to Dismiss [Docket Number 3] is conditionally granted. Ms. Sadlon has fourteen (14) days from the date of entry of the order entered in conjunction with this decision to file an amended complaint or the Complaint will be dismissed .
SO ORDERED.

Use of the terms "Bankruptcy Code," "Section" or "§" are references to provisions of Title 11 of the United States Code.

In the Objection that Ms. Sadlon initially filed in the Debtor's bankruptcy case, she raised a cause of action objecting to the Debtor's discharge pursuant to § 727. Actions to object to a debtor's discharge come with a separate sixty day deadline found in Rule 4004. Ms. Sadlon's subsequently filed Complaint omits any cause of action objecting to discharge and, instead, focuses on the dischargeability of specific debts. Because the Complaint does not include an objection to discharge, this Court will not address the Rule 4004 deadline.

Section 523(c)(1) provides: "Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." 11 U.S.C. § 523(c)(1).

Some case law suggests that the Sixth Circuit's five-factor equitable tolling test in Maughan was effectively overruled by the U.S. Supreme Court in Pace v. DiGuglielmo , 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) in favor of a two-part test requiring a litigant to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Martin v. Thompson (In re Thompson) , 2018 WL 4201752, at *3, 2018 Bankr. LEXIS 2429, at *9 (Bankr. E.D. Tenn., Aug. 15, 2018) (internal quotation marks and citations omitted) (collecting cases). The Sixth Circuit, however, appears reluctant to substitute the two-factor test across the board given that the Supreme Court has never expressly adopted the two-factor equitable tolling test other than in the habeas context. See Zappone v. U.S. , 870 F.3d 551, 557 (6th Cir. 2017). Noting that the "propriety of equitable tolling must necessarily be determined on a case-by-case basis," id. (citations omitted), the Sixth Circuit observed that "both standards can inform [a court's determination] ... because the two approaches are quite compatible and may often lead to the same result." Id. Under the facts of this case, however, the second factor of the DiGuglielmo test is not instructive given that Ms. Sadlon filed a timely, albeit procedurally deficient pleading contesting the Debtor's discharge and the dischargeability of certain debts. As such, this Court will focus its analysis on the Maughan factors.

Civil Rule 9(b) provides: "Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).